UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SELECT HARVEST USA LLC,

                Plaintiff,

-against-

INDIAN OVERSEAS BANK,

                Defendant.

22-CV-3931 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On September 5, 2023, the Court ordered Defendant Indian Overseas Bank ("IOB") to show cause by September 8, 2023, as to why the Court should not sanction IOB for its willful failure to comply with Court deadlines and find that IOB has forfeited its objection to personal jurisdiction. In response, IOB filed a letter response requesting that the Court dismiss this action for lack of subject matter jurisdiction, ECF No. 53. Plaintiff Select Harvest USA LLC ("Select Harvest"), in response, moved for the Court to issue the contemplated discovery sanction and to deny IOB's purported motion to dismiss. ECF No. 54. For the following reasons, the Court sanctions IOB for its repeated failures to comply with Court orders and finds that IOB has waived its objection to personal jurisdiction. To the extent IOB's letter is construed as a motion to dismiss based on lack of subject matter jurisdiction, the Court denies that motion without prejudice.

## BACKGROUND

Select Harvest filed this case on May 13, 2022. ECF No. 1. The complaint was served on May 20, 2022, and IOB failed to answer or move by the deadline, prompting Plaintiff to move for default judgment. *See* ECF Nos. 6, 13. Judge Liman held a default judgment hearing on August 29, 2022, and two months later, before the Court ruled on that motion, counsel for IOB

appeared. ECF No. 20. On December 22, 2022, IOB filed a motion to dismiss for lack of jurisdiction. ECF No. 21.

On March 28, 2023, Judge Liman denied IOB's motion to dismiss for lack of jurisdiction and Select Harvest's motion for default judgment but ordered IOB to reimburse Plaintiff's fees and costs for moving for default judgment. *See* ECF No. 35 ("Op.") at 25, 27. Judge Liman also granted Plaintiff's request for jurisdictional discovery to develop facts showing that the Court has jurisdiction. *Id.* at 27. On April 17, 2023, Judge Liman signed the parties' agreed upon discovery schedule for jurisdictional discovery to be completed by June 29, 2023. ECF No. 37. When Defendant failed to produce documents to Plaintiff, the parties sought to extend the deadline of jurisdictional discovery. ECF. No 40. Judge Liman extended the deadline to July 18, 2023. ECF. No 41. IOB again failed to produce the discovery by the deadline.

The case was thereafter reassigned to the undersigned. ECF No. 42. During a July 25, 2023 status conference with the parties, the Court extended Defendant's jurisdictional discovery deadline until September 1, 2023, making clear that this was a firm deadline. *See* July 25, 2023 Minute Entry. The September 1, 2023 deadline passed, and Defendant has now failed to comply with the Court's third deadline to produce documents relevant to personal jurisdiction. IOB failed to produce any of the jurisdictional discovery requested. Conf. Tr. 10:19–11:12, September 5, 2023.

IOB was made directly aware of these deadlines. On August 17, 2023, counsel for IOB sought to withdraw from representing IOB in this action. ECF Nos. 47, 48. In support of that motion, counsel submitted emails demonstrating that they alerted IOB to the Court's deadlines related to discovery and represented that IOB did not respond to any of those emails. *Id.*

On September 5, 2023, the Court ordered IOB to show cause by September 8, 2023 why the Court should not sanction IOB and find that it has forfeited an objection to personal jurisdiction because of its willful failure to comply with jurisdictional discovery. *See* September 5, 2023 Minute Entry. IOB submitted a letter on September 8, 2023. ECF No. 53. The letter did not challenge the reason for sanctions or make an effort to excuse its repeated violations of deadlines.

## DISCUSSION

Unlike subject matter jurisdiction, personal jurisdiction is waivable. *See* Fed. R. Civ. P. 12(h)(1). "Every district court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013). Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i), a district court is permitted to find that a defendant has forfeited a personal jurisdiction objection as a sanction against a defendant for noncompliance with jurisdictional discovery. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705–08 (1982) (upholding a district court order finding defendant waived any objection to personal jurisdiction where defendant engaged in repeated delays and refused to comply with court-ordered discovery); *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010). A court is permitted to "presume from a party's willful failure to answer a discovery request relating to a particular issue that the facts of that issue are established against the noncompliant party" and "such a presumption is consistent with due process." *Southern New England Tel. Co.*, 624 F.3d at 147.

The Court has given Defendant repeated chances to comply with court-ordered discovery deadlines and Defendant has not complied with a single deadline. The Court has already issued sanctions against Defendant for its delays in this case. IOB was given a chance to explain its

3

failure to comply with the discovery deadlines but chose not to. By failing to explain its failure and refusing to engage with counsel, the Court has no reason to believe that simply extending the deadline for jurisdictional discovery would result in IOB's compliance. Accordingly, the Court imposes the sanction at issue and finds that IOB has waived any objection to personal jurisdiction.

Additionally, the Court will not consider, in its current form, IOB's request to dismiss this matter based on lack of subject matter jurisdiction. IOB filed its argument that the Court lacked subject matter jurisdiction as a letter. However, the Local Rules of the United States <u>District Courts for the Southern and Eastern Districts of New York</u> do not permit a motion to dismiss to be raised by letter-motion. *See* Local Civil Rule 7.1, 2013 Committee Note ("motions to dismiss or motions for summary judgment may not be made by letter-motion"). As such, the Court denies IOB's motion without prejudice.

## CONCLUSION

For the foregoing reasons, the Court sanctions IOB for its failure to comply with discovery deadlines and finds that it has waived its objection to personal jurisdiction. The Court also denies without prejudice IOB's subject matter jurisdiction objection. The Court respectfully directs the Clerk of Court to terminate the motion at ECF No. 54.

Dated: September 29, 2023
      New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge
